Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MUJIBUR RAHMAN, on behalf of himself, : Case No.:
and others similarly situated,
  :
        Plaintiff,
  :  **COLLECTIVE ACTION**
  :  **COMPLAINT**

  -against-  :  **Jury Trial Demanded**

SHIV HARSHAN, INC., dba QUALITY INN HOTEL, :
VIPUL PATEL, and PIRYANK PATEL,
  :
        Defendants.
-------------------------------------------------------------------X

Plaintiff, Mujibur Rahman ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Shiv Harshan, Inc., dba Quality Inn (hereinafter "Quality Inn"), Vipul Patel, and Piryank Patel (collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay non-exempt employees wages for all hours worked, and overtime compensation.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and New York Labor Law by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, wages for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1.) unpaid wages; (2.) unpaid overtime wages; (3.) liquidated damages; (4.) pre-judgment and post-judgment interest; and, (5.) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1.) unpaid wages; (2.) unpaid overtime wages; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4.) liquidated damages and civil penalties pursuant to the New York State Wage Theft Prevention Act; (5.) pre-judgment and post-judgment interest, and, (6.) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is a resident of Queens County, New York.

8. Upon information and belief, Defendant, Quality Inn, was and is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 30-03 40th Avenue, Long Island City, New York 11101.

9. Upon information and belief, Defendant, Vipul Patel, is an owner, officer, director and/or managing agent of Quality Inn, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Quality Inn and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Quality Inn.

10. Upon information and belief, Defendant, Piryank Patel, is an owner, officer, director and/or managing agent of Quality Inn, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Quality Inn and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Quality Inn.

11. Plaintiff was employed by the Defendants in Queens County, New York as a front desk employee for Defendants' hotel, from in or about March 2007 until on or about April, 2011.

12. At all relevant times, Quality Inn was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Quality Inn.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully earned minimum wages and overtime wages in direct contravention of the FLSA and New York Labor Law.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

16. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

## STATEMENT OF FACTS

18. In or about March 2007, Plaintiff, Mujibur Rahman, was hired by Defendants to work as a non-exempt front desk employee for Defendants' hotel known as "Quality Inn" located at 30-03 40th Avenue, Long Island City, New York.

19. Plaintiff, Mujibur Rahman, worked for the Defendants until in or about April 2011.

20. During Plaintiff Mujibur Rahman's employment by Defendants, he worked well over forty (40) hours per week. During the course of his employment Plaintiff generally worked six (6) or seven (7) days per week, often working sixty (60) or more hours per week. Plaintiff was paid an hourly at a rate of $13.00 per hour for up to forty (40) hours, and not paid any compensation for hours worked above forty (40) each week.

21. Defendants knowingly and willfully operated their business with a policy of not paying any wages for work performed above forty (40) hours each week.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants for up to the last six (6) years, through entry of judgment in this case

(the "Collective Action Period"), and who were not compensated for hours worked, or failed to receive minimum wages or overtime compensation for all hours worked above forty (40) per week, at time and one half their regular rate (the "Collective Action Members").

23. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants. Upon information and belief, Defendants own and operate multiple hotels in the New York Metropolitan area and there are likely more than one hundred (100) Collective Action Members, who have worked for or continue to work for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys or knowledge of their claims. Therefore, Plaintiffs submit that this class should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

24. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

25. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

26. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

27. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in an area where Plaintiff was employed, in violation of C.F.R. § 516.4;

    e. Whether the Defendants failed to pay the Collective Action Members wages for all hours worked in violation of the FLSA and the regulations promulgated thereunder;

  f. Whether the Defendants failed to pay the Collective Action Members minimum wages and overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulations promulgated thereunder;

  g. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

28. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

29. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

30. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "29" of this Complaint as if fully set forth herein.

31. At all relevant times, Defendants have been in the property management business. Defendants currently own, operate, manage and/or maintain multiple residential properties throughout the New York Metropolitan area.

32. At all relevant times, Defendants have employed more than one hundred (100) employees.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

36. Plaintiff worked hours for which they were not paid wages and/or overtime compensation.

37. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff wages for all hours worked, and overtime compensation at time and one-half Plaintiff's regular rate of pay (or the statutory minimum wage), for all hours worked in excess of forty (40) hours per workweek.

39. Upon information and belief, throughout the Collective Action Period, and continuing to present day, Defendants have employed other individuals (Collective Action Members), in similar positions as that of Plaintiff.

40. Such Collective Action Members have worked for Defendants, yet Defendants have likewise willfully failed to pay wages and overtime compensation in the lawful amount for all hours worked in violation of the FLSA.

41. Defendants failed to pay Plaintiff and the Collective Action Members wages and overtime compensation in the lawful amounts, for all hours worked each workweek.

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members lawful wages and overtime compensation, for all hours worked, when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff and the Collective Action Members.

43. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

44. Records, if any, concerning the number of hours worked by Plaintiff and the Collective Action Members, and the actual compensation paid to Plaintiff and the Collective Action Members, are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

46. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus liquidated damages and civil penalties, and prejudgment interest thereon.

48. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

49. Defendant, Vipul Patel, is an individual who, upon information and belief, owns the stock of Quality Inn, owns Quality Inn, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

50. Defendant, Piryank Patel, is an individual who, upon information and belief, owns the stock of Quality Inn, owns Quality Inn, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and the Collective Action Members were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiff and the Collective Action Members' rights by failing to pay wages and overtime wages at rates of not less than one and one-half times each individual's regular rate of pay (or the statutory minimum rate of pay) for each hour worked in excess of forty (40) hours per workweek.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

55. Due to the Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York State Wage Theft Prevention Act. Plaintiff and the Collective Action Members also seek civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act and New York.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Mujibur Rahman, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

c.  An injunction against Quality Inn, and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

d.  An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

f.  An award of liquidated and/or punitive damages and/or civil penalties as a result of Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

g.  An award equitably tolling the statute of limitations period;

h.  An award of prejudgment and post-judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       July 11, 2012

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

12

By: _____
pcooper@jcpclaw.com
Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Mujibur Rahman_, am an employee formerly employed by _Shiv Darshan Inc._, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       _7/9_, 2012

_Mujibur Rahman_

Sworn to before me this _9th_
day of _July_ _2012_.

_[signature]_
Notary Public

**GIUSTINO CILENTI**
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015