UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
MUJIBUR RAHMAN, et al.,

Plaintiffs,

- against -

SHIV DARSHAN, INC., et al.,

Defendants.
----------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 3457 (ILG) (CLP)

GLASSER, United States District Judge:

Plaintiffs Mujibur Rahman and Golam Rasul ("plaintiffs"), former hotel employees, bring this action against Shiv Darshan, Inc., d/b/a Quality Inn Hotel, Priya Hospitality LLC, d/b/a Best Western Hotel, Vipul Patel, and Piryank Patel (collectively, "defendants"), seeking payment of unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and New York labor law. Plaintiffs also seek liquidated damages and civil penalties, interest, costs, and attorneys' fees.

Currently before the Court is Vipul Patel's motion to dismiss all claims against him pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, or, in the alternative, to compel joinder of necessary defendants pursuant to Rule 19. For the reasons set forth below, defendant's motion is hereby DENIED.

**BACKGROUND**

The following facts are taken from plaintiffs' Complaint and are accepted as true for purposes of this motion. From March 2007 through April 2011, plaintiff Mujibur Rahman ("Rahman") worked as a front desk employee for the Quality Inn hotel in Long Island City in Queens, New York. Amended Complaint dated January 15, 2013

("Compl.") ¶¶ 8, 12, 21-22 (Dkt. No. 23).[1] From March 2007 through December 2010, plaintiff Golam Rasul ("Rasul") worked as a "cleaner, maintenance person, and general helper" for the same Quality Inn hotel. Id. ¶¶ 13, 25-26. In December 2010, Rasul transferred to a Best Western hotel, also located in Long Island City, where he performed the same duties through December 2011. Id. ¶¶ 9, 13, 26-27. Both the Quality Inn and Best Western hotels were allegedly owned and operated by Vipul and Piryank Patel. Id. ¶¶ 10-11, 47-50.

Both Rahman and Rasul allege that throughout their employment by defendants, they regularly worked over 40 hours per week without additional compensation. Id. ¶¶ 2, 17, 23-24, 28-29, 36-40, 53. Rahman claims that he often worked more than 60 hours per week, but that he was only paid for the first 40 hours worked each week. Id. ¶ 23. Similarly, Rasul claims that he often worked more than 84 hours per week, but that he was only paid for the first 40 hours worked each week. Id. ¶ 28. Both Rahman and Rasul allege that defendants refused to pay wages for more than 40 hours of work, regardless of the amount of work performed, as a deliberate policy. Id. ¶¶ 17, 20, 24, 29, 40, 44-45, 53-55. Finally, plaintiffs claim that defendants did not properly maintain employment records. Id. ¶¶ 19, 41-43.

Plaintiffs initiated this action on July 12, 2012, asserting FLSA and state law claims. Dkt. No. 1. On February 4, 2013, Vipul Patel ("Patel") moved to dismiss the Complaint or, in the alternative, compel joinder of additional defendants.

---

[1] On February 15, 2013, Vipul Patel moved to strike plaintiffs' Amended Complaint. Dkt. No. 39. While there are important differences between plaintiffs' original and amended complaints, they are nearly identical with respect to Vipul Patel. Therefore, the Court will use the currently operative Amended Complaint without expressing any opinion on the motion to strike, which will be considered separately.

Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Mem.") (Dkt. No. 31). Later the same day, plaintiffs filed their opposition to Patel's motion, Plaintiffs' Memorandum of Law in Opposition to Defendant Vipul Patel's Motion to Dismiss ("Pls.' Opp'n") (Dkt. No. 32), and Patel filed his reply. Defendant Vipul Patel's Memorandum of Law in Reply to Motion to Dismiss ("Def.'s Reply") (Dkt. No. 34).[2]

## DISCUSSION

### I. Rule 12(b)(6) Motion

#### A. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it

[2] Although the parties briefed the motion earlier, due to parties' confusion concerning the Court's Individual Rules, nothing was filed until February 4, 2013.

asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).[3]

**B. Extrinsic Documents**

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Serdarevic v. Centex Homes, LLC, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quoting Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999)). If the Court considers "matters outside the pleadings," then "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002).

Patel attaches an affidavit and several exhibits to his motion. Affidavit of Vipul Patel dated December 27, 2012 ("Patel Aff."), Exs. A-E (Dkt. No. 31). The Court will not consider these extrinsic documents in deciding Patel's Rule 12(b)(6) motion. Patel's exhibits are internal hotel communications, financial documents, and legal documents that are neither referenced nor relied upon in the Complaint, and are not the kinds of facts that may be judicially noticed. Def.'s Mem. at 16-43; Fed. R. Evid. 201(b).

---

[3] Although both parties reference Rule 9(b), it is inapplicable because there are no allegations of fraud. Def.'s Mem. at 10; Pls.' Opp'n at 4-5.

Moreover, plaintiffs may not have been aware of much of this information. Since "lack of notice" is the primary "harm to the plaintiff[s] when a court considers material extraneous to the complaint," the Court will not convert Patel's motion to one for summary judgment when plaintiffs have not yet had the benefit of discovery. Chambers, 282 F.3d at 153-54.[4]

**C. FLSA and State Law Claims**

"The FLSA was enacted to ensure that employees receive a 'fair day's pay for a fair day's work.'" Gorman v. Consol. Edison Corp., 488 F.3d 586, 589 (2d Cir. 2007) (quoting Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 578 (1942)). The FLSA requires employers to pay covered employees a minimum hourly wage, and "a premium or overtime wage of 'not less than one and one-half times the regular rate' for hours worked in excess of forty hours in a single work-week." Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)); 29 U.S.C. § 206(a). While "[a]n employee who brings an action for unpaid wages bears the burden of proving that he has not been properly compensated," the burden can shift to the employer if it fails to maintain records of "'wages, hours, and other conditions and practices of employment.'" Flick v. Am. Fin. Res., Inc., --- F. Supp. 2d ----, 2012 WL 5386157, at *3 (E.D.N.Y. Oct. 31, 2012) (quoting 29 U.S.C. § 211(c)).

New York employment law largely tracks the federal FLSA. See N.Y. Labor Law § 652; N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142-2.1 to -2.2. The only relevant difference between federal and state employment law at this stage of the litigation is that New York "imposes a longer statute of limitations for bringing claims." Jemine v.

[4] The Court also excludes Rahman's affidavit attached to plaintiffs' opposition brief as extrinsic evidence. Dkt. No. 33.

Dennis, --- F. Supp. 2d ----, 2012 WL 4482769, at *5 (E.D.N.Y. Sept. 28, 2012) (citing statutes).

Patel moves to dismiss plaintiffs' claims against him, arguing that (1) the action against him is time-barred, and (2) the Complaint insufficiently pleads a cause of action under the FLSA. Def.'s Mem. at 9-13; Def.'s Reply at 3-4.

**1. Statute of Limitations**

"The FLSA has a statute of limitations of three years for willful violations and two years for non-willful violations." Alvarez v. IBM Rests. Inc., 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012); 29 U.S.C. § 255(a). Patel claims that he left the defendant companies on June 18, 2010 while this action was not filed until July 12, 2012, so it is outside the two-year statute of limitations. Def.'s Mem. at 9-10. Plaintiffs respond that the three-year statute of limitation applies because they allege that Patel willfully violated the FLSA. Pls.' Opp'n at 4-6. Patel argues that plaintiffs have insufficiently pleaded allegations of willfulness. Def.'s Mem. at 10.

"Courts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies" on a motion to dismiss. Alvarez, 839 F. Supp. 2d at 587-88 (citing cases). Plaintiffs have adequately pleaded willfulness, since "[i]t is hornbook learning that the state of one's mind, intent, can almost never be proved directly and invariably is proved circumstantially." Prestige Builder & Mgmt. LLC v. Safeco Ins. Co. of Am., --- F. Supp. 2d ----, 2012 WL 4801769, at *6 (E.D.N.Y. Oct. 10,

2012) (Glasser, J.); see Compl. ¶¶ 2, 10, 17, 20, 24, 29, 40, 45, 47-48, 54. Accordingly, Patel's motion to dismiss the claims against him as time-barred is DENIED.[5]

**2. Sufficiency of the Complaint**

Patel argues that (1) he cannot be held personally liable because he was not sufficiently involved in running the hotels to constitute an "employer" under the FLSA, and (2) the Complaint does not provide sufficient detail to support a claim against him under the FLSA. Def.'s Mem. at 11-13; Def.'s Reply at 3-4.

The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Federal regulations clarify that "under the FLSA, individuals such as corporate officers acting in the interest of an employer are individually liable for any violations." 29 C.F.R. § 825.104(d) (2009) (quotation omitted). The Second Circuit uses an "economic reality" test to analyze the "employer-employee relationship" under the FLSA. Velez v. Sanchez, 693 F.3d 308, 326 (2d Cir. 2012) (citing Rutherford Food Corp. v. McComb, 331 U.S. 772, 730 (1947)). Although the existence of the employment relationship under the FLSA is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances," Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141-42 (2d Cir. 2008), courts frequently apply a four-part test:

> [W]hether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employments, (3) determined the rate and method of payment, and (4) maintained employment records."

[5] The Court exercises supplemental jurisdiction over plaintiffs' state law claims because they are not time-barred, since the statute of limitations under New York law is six years. N.Y. Labor Law § 663(3) (McKinney 2012).

Velez, 693 F.3d at 326 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).[6]

While plaintiffs fail to address this issue in their brief, they allege sufficient facts in the Complaint to satisfy the Carter test for Patel. Plaintiffs claim that Patel "participate[d] in the day-to-day operations" of the hotels, "and managed and made all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work." Compl. ¶¶ 10, 48. Although Patel vigorously disputes this, claiming that he acted at the direction of others with minimal supervisory authority, this is a factual dispute that cannot be resolved at the motion to dismiss stage. Def.'s Mem. at 11-13. Rather, this "is a matter to be determined on summary judgment or at trial." Michalek v. Amplify Sports & Entm't LLC, No. 11 Civ. 508(PGG), 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (quotation omitted).

Patel also generally attacks the sufficiency of the pleadings, criticizing plaintiffs for failing to specifically differentiate among defendants and provide "examples" of working more than 40 hours per week. Def.'s Reply at 3-4. Yet the cases cited by Patel are easily distinguishable. In Zhong v. August August Corp., 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007), the court dismissed overtime claims under the FLSA because the plaintiff only alleged a 20 hour workweek. Here, plaintiffs allege that they "worked well over forty (40) hours per week." Compl. ¶¶ 23, 28. In Wolman v. Catholic Health Sys. of Long Island, No. 10-CV-1326 (JS)(ETB), 2010 WL 5491182, at *4 (E.D.N.Y. 2010), the

[6] "Because the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims." Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092(NRB), 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007) (citing cases).

court dismissed overtime claims under the FLSA because the plaintiffs did not allege the number of hours worked, merely claiming that it was "in excess of forty hours per week." Here, Rahman alleges that he "generally worked six (6) or seven (7) days per week, often working sixty (60) or more hours per week," and Rasul alleges that he "generally worked seven (7) nights per week, often working in excess of eighty-four (84) hours per week." Compl. ¶¶ 23, 28. Since "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," Patel's motion to dismiss is DENIED. Twombly, 550 U.S. at 555.

## II. Rules 12(b)(7) and 19 Motions

Patel moves to dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for "failure to join a party under Rule 19," or, in the alternative, to compel joinder of necessary defendants pursuant to Rule 19. Def.'s Mem. at 1-2.

### A. Legal Standard

"Rule 19 provides for compulsory joinder of parties who are needed for just adjudication of a dispute." Cont'l Kraft Corp. v. Euro-Asia Dev. Grp., Inc., No. 97 CV 0619, 1997 WL 642350, at *6 (E.D.N.Y. Sept. 8, 1997) (Glasser, J.). "The burden of demonstrating that a party is necessary rests with the moving party." Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC, 742 F. Supp. 2d 446, 455 (S.D.N.Y. 2010). "On a motion to dismiss for failure to join a [required] party, a court undertakes a two-step analysis. First, the court must determine whether the absent party is 'a party to be joined if feasible' under Rule 19(a)." Cont'l Kraft, 1997 WL 642350, at *6 (citations omitted). Rule 19(a)(1) sets forth the standards for determining when a party is required to be joined if feasible:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Second, under Rule 19(b), "[i]f the court determines that the party to be joined is feasible but cannot be joined, it must determine whether the action should, 'in equity and good conscience,' be dismissed [pursuant to Rule 12(b)(7)]. District courts have broad discretion in applying Rule 19 because of the fact-based analysis of the effects of non-joinder, and matters outside the pleadings may be considered." Cont'l Kraft, 1997 WL 642350, at *6 (citations omitted).

**B. Required Parties**

Patel argues that Mahendra Patel ("M.P.") and Naresh Patel ("N.P.") are necessary parties whose joinder is required by Rule 19(a). Patel claims that M.P. and N.P. are experienced hotel operators who actually ran the Quality Inn Hotel, controlling both Patel's employment and the employment records; charged management fees; and assumed complete control after Patel left the business in June 2010. Def.'s Mem. at 13-14; Patel Aff. ¶¶ 4-6, 8, Exs. A-E. Patel appears to argue that as shareholders and managers of the Quality Inn Hotel, M.P. and N.P. are jointly and severally liable for any alleged FLSA violations and, therefore, must be joined under Rule 19. Def.'s Reply at 4-5; see Pls.' Opp'n at 7.

Even if all of Patel's allegations are true, M.P. and N.P. are not necessary parties whose joinder is required by Rule 19(a). Although "corporate officer[s] with operational control . . . [are] jointly and severally liable under the FSLA for unpaid wages,"

Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 534 (E.D.N.Y. 2007) (quotation omitted), "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Bodner v. Banque Paribas, 114 F. Supp. 2d 117, 136-37 (E.D.N.Y. 2000) (quoting Temple v. Synthes Corp., Ltd., 498 U.S. 5, 8 (1990)). Because plaintiffs are suing the hotels themselves, the Court can "accord complete relief among existing parties" without impeding any interests in this action.[7] Fed. R. Civ. P. 19(a)(1); see Scott v. City of New York, 340 F. Supp. 2d 371, 383 (S.D.N.Y. 2004) (finding parties not "necessary" under Rule 19(a)(1) because "plaintiffs seek only one form of relief—monetary damages" and "[t]his relief can be awarded absent joinder"); Iraheta v. Lam Yuen, LLC, No. DKC 12-1426, 2012 WL 5995689, at *5 (D. Md. Nov. 29, 2012) (holding that in an FLSA claim, "an unnamed co-employer is not a necessary party who should be joined under Rule 19(a)"). If Patel seeks contribution from M.P. and N.P., then he is free to implead them under Rule 14(a). Accordingly, Patel's motion to dismiss or, in the alternative, compel joinder is DENIED.

## CONCLUSION

For all of the foregoing reasons, defendant's motion is hereby DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2013

/s/
I. Leo Glasser
Senior United States District Judge

[7] While Patel asserts that M.P. and N.P. are holding allegedly unpaid wages in trust for plaintiffs, he offers no evidence to support this and his citations are entirely inapposite. Def.'s Reply at 4-5.